# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | MAG. NO. 22-MJ-199 (ZMF) |
| : | |
| TIMOTHY PRIVOTT, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial under 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute.[1] The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I. Procedural History

The defendant is charged by criminal complaint with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). On September 12, 2022, at the defendant's initial appearance, the government orally moved for detention pending trial pursuant to the above-referenced provision of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report.

---

[1] The government also requests that the defendant be held pursuant to 18 U.S.C. § 3142 (d)(1)(A)(ii). This mandatory 10-day hold is triggered by the defendant's pending sentencing in the District of Maryland case number 8:20-CR-240.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. *See id.*; *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986). *See also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues. *See Smith*, 79 F.3d at 1210, *see also Williams*, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there are no conditions or combination of conditions that would assure the safety of the community. *See* 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses Charged

The first factor for the Court's consideration—the nature and circumstances of the offense charged—favors detention. The defendant possessed a firearm with an extended magazine despite being on release for illegally possessing a firearm and despite *four* separate convictions disqualifying him from doing so.

Specifically, on Sunday, September 5, 2022, at approximately 5:30 p.m., officers with the Seventh District Crime Suppression Team of the Metropolitan Police Department were patrolling in the area of 2235 Savannah Terrace. 2235 Savannah Terrace is in an area of the city where over one hundred illegal firearms have been recovered since the beginning of the year and where there had been eighteen separate shooting incidents in just the proceeding week, including a homicide. When officers arrived in the area, they observed a group of people, including the defendant, smoking what appeared to be marijuana. As officers approached the group, Officer Anthony Smith observed the outline of what he believed to be a firearm protruding from the groin area of the defendant. Officer Smith pointed to and asked about the bulge. The defendant then bent over at the waist and claimed that it was nothing. Officer Smith informed the defendant that he would be conducting a pat down. Upon patting the area of the bulge, Officer Smith immediately felt what he knew to be a firearm. Officer Smith stated the pre-determined code word for the presence of a firearm for the other officers, and the defendant was handcuffed without incident.

Inside the defendant's waistline, officers located and recovered a Glock 27 .40 handgun with a unique serial number of NRPC727. The firearm had no chambered rounds but had 15 rounds of ammunition inside a 15-round magazine. As detailed below, a criminal history check revealed that, in addition to a prior firearm-related conviction, the defendant has three other felony convictions carrying terms of imprisonment of more than one year.

### B.     Weight of the Evidence against the Defendant

The second factor for the Court's consideration, the weight of the evidence, weighs in favor of detention. The evidence against the defendant is very strong. The firearm was recovered directly from the defendant's waistline. Photographs and body-worn camera footage show the

3

recovery of the firearm directly from the defendant's person. Moreover, there can be little doubt of the defendant's knowledge of his status as a felon, considering he pled guilty less than two months earlier to illegally possessing a firearm under the same statute he is charged with violating here.

### C.  The Defendant's History and Characteristics

The third factor, the history and characteristics of the defendant, similarly weighs heavily in favor of detention. The defendant has the following prior adult convictions:

- Unlawful Possession of a Firearm (Prior Conviction), *felony*/Carrying a Pistol without a License, *felony*/Unlawful Possession of Ammunition, *misdemeanor*/Possession of an Unregistered Firearm, *misdemeanor*/Possession of a Large Capacity Ammunition Feeding Device, *misdemeanor* (Washington, D.C., 2017, 2015 CF2 008060)

- Possession with Intent to Distribute PCP, *felony*/ Unlawful Possession of Liquid PCP, *felony* (Washington, D.C., 2013, 2012 CF2 011714)

- Attempt to Commit Robbery, *felony* (Washington, D.C., 2010; 2010 CF3 014308)

- Distribution of PCP, *felony* (Washington, D.C., 2009; 2009 CF2 010977)

Supervision has done little to deter the defendant from committing violations in the past. For example, the defendant's robbery arrest in connection with case 2010 CF3 014308 occurred while on probation for distributing PCP. According to the defendant's agreed-upon proffer as part of the plea to Attempted Robbery, the defendant and two associates threw a fifteen-year-old child to the ground and robbed him of his money and cellular phone. The defendant attempted to kick and punch the juvenile in the process.

Just as in that case, the defendant was under supervision at the time of his arrest here. On July 11, 2022, the defendant pled guilty to a violation of 18 U.S.C. § 922(g)(1) in the District of

Maryland (8:20-cr-240-TDC-10). The defendant was on release pending his sentencing in that case, when he was apprehended with a firearm in his waistband in this case. Thus, the tenor of the defendant's criminal history involves both violence and illegal possession of firearms. This Court is now presented with the exact same circumstance.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, further weighs in favor of detention. As an initial matter, the defendant has either been convicted or pleaded guilty to five separate incidents of felony conduct. These convictions include two separate incidents of prior firearm possession, including a case he had pleaded guilty to in federal court less than two months prior to his arrest in this case. Supervision has not deterred him in this case or in the past, as he committed a violent robbery while on probation. Additionally, the violent crime statistics in the District and specifically in the area the defendant was arrested in this case remain unacceptably high as a result of the serious risk posed by firearms.

Indeed, courts have recognized the inherent dangerousness of carrying a concealed, loaded firearm on one's person. *See United States v. Gassaway*, 1:21-cr-00550 (RCL), ECF No. 9 (D.D.C. Sept. 16, 2021) ("This Court agrees with other courts in this district that unlawfully carrying a concealed or loaded firearm in public poses a risk of danger to the public."); *see United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence," particularly when defendant's prior convictions indicate a predilection for violence); *United States v. Riggins*, 456 F. Supp. 3d 138, 144 (D.D.C. 2020) ("[T]he possession of a firearm, especially while seemingly on a drug such as PCP, presents a

5

serious danger to the community."); *United States v. Howard*, No. 20-mj-181 (BAH), 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community.").

For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052


By:   /s/ *Joshua Gold*
        Joshua Gold
        Tx Bar No. 24103101
        Assistant United States Attorney
        United States Attorney's Office for D.C.
        601 D Street NW, Fifth Floor
        Washington, D.C. 20530
        E-mail: Joshua.Gold@usdoj.gov
        Telephone: (202) 252-7651


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel this 13th day of September 2022.

        /s/
        Joshua Gold
        Assistant United States Attorney